IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SOULEYMANE CAMARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-00070 |
| ) | |
| GOLD COAST IT SOLUTIONS, LLC, ) | |
| *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment.

This case arises from Plaintiff Souleymane Camara's employment with Defendant Gold Coast IT Solutions, LLC ("GCITS"). Plaintiff alleges that he was employed by GCITS from May 4, 2015, until March 28, 2016, as an IT specialist. Plaintiff brought this action against GCITS and Defendant Arjun Akkara, the sole member of GCITS and a manager of that company, alleging violations of the Fair Labor Standards Act. Plaintiff's complaint alleges that Defendants failed to pay Plaintiff wages, salary, or commissions which were due to him during his employment.

In April 2015, Plaintiff received from GCITS an invitation

to join GCITS's JAVA Analyst Program. According to the invitation, completion of the training would render Plaintiff eligible for full time deployment on a work project. Plaintiff began his training on May 4, 2015.

On May 14, 2015, GCITS sent Plaintiff an offer of employment as a Technical Engineer. The offer stated that it was conditional upon Plaintiff's completion of the training program, execution of the GCITS Employment Agreement, and "final approval of the client permitting [Plaintiff] to commence the project at its site." Plaintiff executed the employment agreement on May 18, 2015. The Employment Agreement provided that compensation for Plaintiff's services would be provided by GCITS at the rate specified in a Project Determination Form, and that compensation would be paid for all time recorded on timesheets signed by Plaintiff and approved by GCITS.

Plaintiff executed a Project Determination Form on May 18, but was not assigned to a project until July 16. At that time Plaintiff was outsourced to work on a project for the U.S. Patent and Trademark Office through Sciences Application International Corporation (hereinafter "USPTO/SAIC"). Once Plaintiff began working and submitting timesheets for work completed for USPTO/SAIC, GCITS began paying Plaintiff wages for the hours submitted. On March 28, 2016, Plaintiff left GCITS and accepted employment directly with USPTO/SAIC.

On April 8, 2016, GCITS filed suit against Plaintiff in the Fairfax County General District Court, Case No. GV16-006625, alleging that Plaintiff breached his employment agreement. Plaintiff responded by filing a counterclaim against GCITS on August 30, 2016, along with an answer to GCITS's complaint. Plaintiff's answer asserted as a defense that GCITS had violated the FLSA by failing to pay Plaintiff wages during his training period and failing to pay Plaintiff wages after he signed his employment agreement but before he was outsourced. Plaintiff also alleged that his employment agreement was "void as against public policy because it violates the [FLSA]" by only promising to pay him after outsourcing him to a third-party company, despite his status as an employee. These same allegations were raised by Plaintiff at trial in the Fairfax County court on February 17, 2017. Plaintiff also filed a counterclaim, asserting that GCITS violated the Virginia Consumer Protection Act by making misrepresentations to Plaintiff. Plaintiff's counterclaim hinged in part on the argument that GCITS had represented to Plaintiff that he would be paid for services that he ultimately was not paid for.

On February 17, a final judgment was entered in favor of GCITS and against Plaintiff with respect to GCITS's case against Plaintiff. Additionally, Plaintiff's counterclaim was dismissed with prejudice.

Plaintiff filed the present suit on January 17, 2017, asserting that Defendants willfully violated the FLSA by failing to pay Plaintiff wages during his training period and during the period after he executed his employment agreement but before he was outsourced. Plaintiff also alleged that Defendants violated the FLSA by failing to pay Plaintiff at the proper overtime rate for time worked beyond 40 hours a week. On October 23, 2017, Defendants filed this Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The Court finds this case is ripe for summary judgment.

Plaintiff's claims are barred by the doctrine of *res judicata*. The parties previously litigated these same issues in the General District Court for Fairfax County, and a final

judgment was entered on the merits in that case. Thus, Plaintiff is precluded from relitigating these issues.

The full faith and credit clause of the U.S. Constitution directs federal courts to look to the laws of the state in which a prior judgment was rendered to determine the preclusive effect of that judgment in a subsequent federal suit. See Marrese v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Thus, the Virginia rules of *res judicata* apply in this case.

The Virginia doctrine of *res judicata* encompasses two types of preclusion: claim preclusion and issue preclusion. Lee v. Spoden, 290 Va. 235, 245 (2015). Claim preclusion, under Virginia Supreme Court Rule 1:6, bars a party from litigating in a subsequence suit a claim that was previously litigated in a prior suit. Id. By contrast, issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." Id. at 246. Claim and issue preclusion apply whenever a claim or issue is being relitigated by the same two parties to a prior litigation or any party in privity with a party to the prior litigation. See Funny Guy, LLC v. Lecego, LLC, 795 S.E.2d 887, 890 (Va. 2017); Lee, 290 Va. at 248 (citing Va. S. Ct. Rule 1:6(d)).

The issues of fact underlying Plaintiff's FLSA claims are barred by issue preclusion. First, the parties to this

litigation are the same as the parties to the prior litigation. Although Defendant Akkara was not personally a party to the prior litigation, he is in privity with GCITS, the plaintiff in the prior litigation, by virtue of being the sole member of the LLC. See id. (finding that the interests of the sole shareholder of a company were identical to that of the company, and therefore the parties were in privity for *res judicata* purposes).

Second, the same factual issues asserted in this case under Plaintiff's FLSA claims were at issue in the prior litigation. In defense against GCITS's claims in the prior litigation, Plaintiff asserted that GCITS had violated the FLSA by failing to pay him wages during his training period and before he was outsourced. Plaintiff also filed a counterclaim, asserting that GCITS had made misrepresentations to Plaintiff regarding the services for which he would be paid; thus, the counterclaim also raised the same factual issues as Plaintiff's present FLSA claims.

Third, the issues were decided in a final judgment on the merits when the judge in the prior litigation entered judgment in favor of GCITS and dismissed Plaintiff's counterclaim with prejudice.

Plaintiff's claims are additionally barred by claim preclusion, even though he did not raise all of the same claims

in the prior litigation. This is because "claim preclusion treats unasserted claims as being subsumed into the disposition of related, previously adjudicated, claims arising out of the same cause of action." Advance Auto & Indem. Ins. Co. of N. Am. v. Craft, 759 S.E.2d 17, 24 (Va. Ct. App. 2014). The "same cause of action" requirement is defined in Virginia Supreme Court Rule 1:6 as claims for relief arising from the "same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit." Va. Sup. Ct. R. 1:6. Thus, the Virginia Supreme Court has stated that "[d]etermining which claims *should* have been brought in earlier litigation largely depends on which claims *could* have been brought." Funny Guy, LLC, 795 S.E.2d at 890 (quoting Kent Sinclair, Guide to Virginia Law & Equity Reform and Other Landmark Changes § 11.2, at 247).

Both the current litigation and prior litigation involve claims arising from the same conduct, transaction or occurrence: namely, Plaintiff's employment with GCITS and GCITS's payment or nonpayment of wages. As described above, this litigation involves the same parties or their privies as the prior litigation, and the prior litigation concluded in a final judgment on the merits against Plaintiff. Thus, because Plaintiff was already afforded the opportunity in the prior

litigation to present his FLSA claims, those claims are barred by claim preclusion.

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of Defendants. An appropriate order shall issue.

                                                  /s/ Claude M. Hilton
                                        CLAUDE M. HILTON
                                        UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 5, 2017